# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David C. Tabb,**
**Complainant Below, Petitioner**

**vs)  No. 15-0323**

**The Jefferson County Commission,**
**Defendant Below, and the West Virginia**
**Public Service Commission, Respondents**

**FILED**

November 6, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner David C. Tabb, appearing pro se, appeals the order of the West Virginia Public Service Commission ("the PSC"), entered on March 11, 2015, dismissing his complaint against Respondent Jefferson County Commission ("the county commission") from its docket. Respondent Commission appears by counsel Nathan P. Cochran. Respondent PSC, by counsel Richard E. Hitt and Susan M. Stewart, filed its statement of reasons for the entry of its order pursuant to Rule 14 of the West Virginia Rules of Appellate Procedure.

We note at the outset that West Virginia Code § 24-5-1 appears to require a "hearing on the application" in appeals from decisions of the Public Service Commission. However, Rule 14(k) of the West Virginia Rules of Appellate Procedure states that parties are entitled to present oral argument "unless otherwise provided by order." In all other appeals before this Court, oral argument is discretionary and scheduled only in cases where the Court determines that it will assist in determination of the issues on appeal. *See* R.A.P. 19(a) and 20(a). In light of this Court's plenary constitutional authority to articulate procedural rules pursuant to article VIII, section 3 of the West Virginia Constitution, we conclude that oral argument in appeals of cases originating with the Public Service Commission is discretionary. Having considered the parties' briefs and the record on appeal, the Court has determined that the facts and legal arguments are adequately presented in this case, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a formal complaint against Respondent County Commission with Respondent PSC on October 20, 2014, arguing that Respondent County Commission approved an enhanced 911 ("E-911")[1] fee increase (from $2.90 per month to $5.00 per month) in June of

---

[1] An enhanced emergency telephone system

(continued . . .)

1

2014 and then forwarded an "amended ordinance" to Respondent PSC without following the procedure set forth in West Virginia Code § 24-6-6.[2] Respondent County Commission filed its answer to petitioner's complaint, asserting that the PSC lacks jurisdiction to regulate ordinances (including those related to E-911 fees), and further asserting that a county commission's fee impositions are controlled by West Virginia Code § 7-1-3cc, a statute outside of the PSC's regulatory scheme. West Virginia Code § 7-1-3cc provides in part:

---

means a telephone system which automatically connects the person dialing the primary emergency number to the county answering point and in which the telephone network system automatically provides to personnel receiving the call, immediately on answering the call, information on the location and the telephone number from which the call is being made and, upon direction from the personnel receiving the call, routes or dispatches the call by telephone, radio or any other appropriate means of communication to emergency service providers that serve the location from which the call is made.

W.Va. Code § 24-6-2(6).

[2] West Virginia Code § 24-6-6 provides in part:

(a) If a county commission decides to adopt an enhanced emergency services telephone system it shall first prepare a proposal on the implementation of the system and shall hold a public meeting on the proposal to explain the system and receive comments from other public officials and interested persons. At least thirty but not more than sixty days before the meeting, the county commission shall place an advertisement in a newspaper of general circulation in the county notifying the public of the date, purpose and location of the meeting and the location at which a copy of the proposal may be examined.

. . . .

(c) Within three months of the public meeting required by this section the county commission may modify the implementation proposal. Upon completion and adoption of the plan by the commission, it shall send a copy of the plan to the public service commission, who shall file such plan and ensure that its provisions are complied with.

(d) After a plan is adopted, all telephone companies included in the plan are subject to the specific requirements of the plan and the applicable requirements of this article.

(e) A final plan may be amended only after notice of the proposed amendments is given, as provided in subsection (a) of this section and a new public meeting is held.

2

(b)     A county commission may impose a fee upon consumers of local exchange service within that county for an enhanced emergency telephone system and associated electronic equipment and for the conversion of all rural routes to city-type addressing as provided in section three of this article. The fee revenues may only be used solely and directly for the capital, installation, administration, operation and maintenance costs of the enhanced emergency telephone system and of the conversion to city-type addressing and including the reasonable costs associated with establishing, equipping, furnishing, operating or maintaining a county answering point. . . .

The PSC agreed that it has no jurisdiction over E-911 fees, and dismissed the case from its docket by order entered on March 11, 2015. This appeal followed.

On appeal, petitioner asserts a single assignment of error. He argues that the increase of an E-911 fee falls within the purview of West Virginia Code § 24-6-6, and is, therefore, subject to the jurisdiction of Respondent PSC. We recapitulated the formula for review of an order of the PSC in syllabus point one of *Central West Virginia Refuse, Inc. v. Public Service Commission*, 190 W.Va. 416, 438 S.E.2d 596 (1993):

> The detailed standard for our review of an order of the Public Service Commission contained in Syllabus Point 2 of *Monongahela Power Co. v. Public Service Commission*, 166 W.Va. 423, 276 S.E.2d 179 (1981), may be summarized as follows: (1) whether the Commission exceeded its statutory jurisdiction and powers; (2) whether there is adequate evidence to support the Commission's findings; and, (3) whether the substantive result of the Commission's order is proper.

All parties agree that the interpretation of *City of Kenova v. Bell Atlantic-West Virginia, Inc.*, 196 W.Va. 426, 473 S.E.2d 141 (1996), is critical to the resolution of this appeal. Petitioner argues that *City of Kenova* clearly establishes Respondent PSC's jurisdiction over counties and municipalities in situations such as this. Respondents, on the other hand, note that "[t]he Public Service Commission has no jurisdiction and no power or authority except as conferred on it by statute and necessary implications therefrom, and its power is confined to the regulation of public utilities. It has no inherent power or authority." Syl. Pt. 1, *id.* at 426, 473 S.E.2d at 141. We agree with respondents that the regulatory authority of the PSC does not extend over the county commission in the case before us, inasmuch as the State legislature has not expressly designated the county commission a "public utility" for purposes of the imposition of E-911 fees. Furthermore, there is no statutory requirement that a public agency amend the E-911 plan filed with the PSC prior to increasing E-911 fees pursuant to West Virginia Code § 7-1-3cc.[3]

_____

[3] We note that, in fact, that while West Virginia Code § 24-6-6 requires that a county's final plan specify "[h]ow the county will pay for its share of the system's cost[,]" the commission is not directed to specify the fee amount.

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II